**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 17a0558n.06

No. 16-6634

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Oct 06, 2017 |
| **Plaintiff-Appellee,** | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE MIDDLE |
| LASONDRA DOWELL, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| **Defendant-Appellant.** | ) | **OPINION** |
| | ) | |

**BEFORE: NORRIS, MOORE, and STRANCH, Circuit Judges.**

**ALAN E. NORRIS, Circuit Judge.** Defendant Lasondra Dowell appeals the district court's denial of her motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court held that Dowell was ineligible for resentencing because her sentence was not based on the Sentencing Guidelines. We affirm.

**I.**

On December 8, 2010, the government indicted Dowell and numerous other individuals in a twenty-eight-count Sixth Superseding Indictment. The government alleged that Dowell conspired with others to distribute and possess with the intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 2. The government also alleged Dowell possessed with the intent to distribute five grams or more of crack cocaine within 1,000 feet of a public housing facility, in violation of 21 U.S.C. §§ 841(a)(1) and 860, and 18 U.S.C. § 2. In a later filed one-count Information, the government

alleged Dowell knowingly possessed a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and (2).

In 2012, Dowell pleaded guilty to the drug offenses and firearm charge pursuant to a plea agreement. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agreed that Dowell should be sentenced to 60 months' imprisonment for the drug offenses. The parties also agreed to a term of 60 months' imprisonment for the firearm offense, to be served consecutively to the sentence for the drug offenses. Only the sentence and plea agreement as they relate to the drug offenses are at issue in this appeal.

One section of Dowell's plea agreement is of particular importance to this case. In the section titled "Sentencing Guidelines Calculations," the parties agreed that "the Sentencing Guideline calculations are moot and have no effect on the agreed sentence." The section went on to calculate Dowell's base offense level, but it did not assign her a criminal history category or define a sentencing range.

After the plea agreement was signed, the Probation Office prepared a Presentence Investigation Report ("PSR"). The PSR determined Dowell's Total Offense Level and her Criminal History Category. Based on the Total Offense Level of 23 and Criminal History Category III, her sentencing range was 60 to 71 months. The district court adopted the PSR, accepted the plea agreement, and imposed the sentence of 60 months for the drug offenses, which fell within the Guidelines.

After the Sentencing Commission issued Amendment 782 in 2014, Dowell filed a pro se motion to reduce her sentence under 18 U.S.C. § 3582(c)(2). On October 20, 2016, the district court issued an order denying Dowell's motion. Relying primarily on the concurring opinion of Justice Sotomayor in *Freeman v. United States*, 564 U.S. 522 (2011), the district court held that

Dowell was ineligible for resentencing because her sentence was not based on the Guidelines. The district court noted that the plea agreement did not explicitly employ a sentencing range nor did it specify a criminal history category. The district court also cited to the language in the plea agreement declaring that "the Sentencing Guidelines [sic] are moot and have no effect on the agreed sentence" as further support. This appeal followed.

## II.

This court reviews de novo a district court's conclusion that it lacks the authority to reduce a defendant's sentence under 18 U.S.C. § 3582(c)(2). *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013). A district court may reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In *Freeman*, a plurality of the Supreme Court held that sentences imposed pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) are eligible for modification under § 3582. 564 U.S. at 534. We have held that Justice Sotomayor's concurrence in the case "is the narrowest ground for the Court's decision and thus represents the Court's holding in *Freeman*." *United States v. Smith*, 658 F.3d 608, 611 (6th Cir. 2011); *see also Riley*, 726 F.3d at 760. Therefore, a Guidelines sentencing range must be "expressly" used in the plea agreement, or the Guidelines being the basis for a specific term of imprisonment must be "evident from the agreement itself," for the plea agreement to be "based on" the Guidelines for the purposes of § 3582. *Freeman*, 564 U.S. at 538-39 (Sotomayor, J., concurring).

Dowell argues that her sentence was based on the Guidelines under *Freeman* because the plea agreement recommended a within-Guidelines sentence of 60 months, the parties mentioned the Guidelines during the plea hearing, and the plea agreement calculated her base offense level.

A review of *Freeman* and this Court's subsequent precedents make it clear that her plea agreement does not meet the standard necessary to qualify for a sentence reduction under § 3582.

First, in applying *Freeman*, this court has held that "a defendant's sentence—for purposes of § 3582(c)(2)—is based on a guideline range *only when* that guideline range is *explicitly* referenced in a plea agreement." *United States v. McNeese*, 819 F.3d 922, 927 (6th Cir. 2016) (cleaned up). Here, Dowell's plea agreement makes no explicit reference to an applicable Guidelines range. Her agreement goes even further by declaring the Guidelines "moot" for the purposes of her sentence.

Next, the argument that Dowell's sentence was based on the Guidelines because it recommended a sentence within the Guidelines is unpersuasive. The Guidelines being the basis for the sentence must be "evident from the agreement itself" if they are not expressly used. *Freeman*, 564 U.S. at 539. However, as Justice Sotomayor noted, "the mere fact that the parties to [an 11(c)(1)(C) plea] agreement may have considered the Guidelines in the course of their negotiations" does not make § 3582 applicable. *Id.* at 537. Negotiating a plea agreement "necessarily occurs in the shadow of the sentencing scheme." *Id.* at 538. Thus, the mere fact that Dowell's sentence falls within what the Guidelines recommended is not enough on its own to permit a sentence reduction.

The brief comments made during the plea agreement hearing that Dowell's sentence was "what the Guidelines would carry" also do not make her sentence "based on" the Guidelines. Again, Justice Sotomayor's concurrence in *Freeman* makes clear that a tangential relationship between the plea agreement sentence and the Guidelines is not enough. *Id.* at 537. Further, this court has moved toward disregarding remarks made at hearings for the purpose of determining whether a sentence qualifies under § 3582. *McNeese*, 819 F.3d at 929-30; *Smith*, 658 F.3d at 613

("[T]rial counsel's after-the-fact statements about the basis for the plea agreement are not relevant to [defendant]'s eligibility for a sentence reduction."). Giving priority to the actual plea agreement over statements made at hearings is also logical when you consider that once a district court accepts an 11(c)(1)(C) plea agreement it is bound to impose the agreed upon term of imprisonment. *See Freeman*, 564 U.S. at 536 (Sotomayor, J., concurring). Therefore, the comments made at Dowell's plea hearing do not alter our analysis.

Finally, the plea agreement's calculation of Dowell's base offense level without more is insufficient to find that her sentence was "based on" the Guidelines. In order for the sentencing range to be evident from the plea agreement, the agreement must at least give the reviewing court all of the tools necessary to calculate a Guidelines sentencing range. *McNeese*, 819 F.3d at 928. Here, as with the defendant in *McNeese*, the plea agreement says nothing about Dowell's criminal history category. *Id.* Accordingly, it is impossible to calculate the actual sentencing range from the contents of the plea agreement.

This court has counseled against speculating as to what the parties might have known and what might have motivated them when entering into plea agreements. *Id.* at 929. As Justice Sotomayor cautioned, courts should not "engage in a free-ranging search through the parties' negotiating history in search of a Guidelines sentencing range that might have been relevant to the agreement or the court's acceptance of it." *Freeman*, 564 U.S. at 538 (Sotomayor, J., concurring). Thus, without an actual reference that relies upon the sentencing range, or at least all the necessary components to calculate one, we are unable to conclude that Dowell's sentence was based on the Guidelines. Accordingly, her sentence is not eligible for reduction under § 3582.

**III.**

The judgment of the district court is **affirmed**.